UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SHAWN WHITE,

        Plaintiff,

v.

JEFF FRANZ, *et al.*,

        Defendants.

Civil No.: 1:22-cv-02543-JRR
(Consolidated with 1:22-cv-02787-JRR)

## MEMORANDUM OPINION

The court has before it Defendants Jeff Franz and FTP Greenwich Place, LP's Motion to Dismiss.[1] (ECF 16; the "Motion"). The court has reviewed all papers. No hearing is necessary. Local Rule 105.6 (D. Md. 2023). For the reasons that follow, by accompanying order, the Motion will be granted.[2]

**I.     BACKGROUND**[3]

*Pro Se* Plaintiff Shawn White filed two separate complaints ("Complaint I" and "Complaint II" – *see* n.2, *supra*) in the Circuit Court for Baltimore County, Maryland. On October 5, 2022, Defendant Franz in Complaint I removed the case to this court and the complaint was docketed at ECF No. 3 in civil case number 1:22-cv-02543-JRR. On October 28, 2022, Defendant

---

[1] While the Motion is titled "Motion to Dismiss," Defendants seek summary judgment pursuant Federal Rule of Civil Procedure 56 in the alternative. Defendants also attach seven exhibits to the Motion.

[2] As explained below, this is a consolidated case. The lead case is 1:22-cv-02543-JRR, which was consolidated with 1:22-cv-02787-JRR.

[3] For purposes of resolving the Motion, the court accepts as true all well-pleaded facts set forth in the Complaint. (ECF No. 3.) The court notes that the Complaint filed in 1:22-cv-02543-JRR ("Complaint I") and the Complaint filed in 1:22-cv-02787-JRR ("Complaint II") contain the same factual allegations. The only difference is the named Defendants – Complaint I is brought against Defendant Franz, the owner of FTP Greenwich Place Apartments; and Complaint II is brought against Defendant FTP Greenwich Place Apartments. The facts outlined here are taken from the Complaint filed at ECF No. 3 in 1:22-cv-02543-JRR.

FTP Greenwich Place, LP in Complaint II removed the case to this court and the complaint was docketed at ECF No. 2 in civil case number 1:22-cv-02787-JRR. On February 6, 2023, the court consolidated the cases and designated 1:22-cv-02543-JRR as the lead case. (ECF No. 15; *see also* n.1, *supra*.)

The factual allegations contained in Complaint I and II are identical. Plaintiff was a resident at Greenwich Place Apartments in Owings Mills, Maryland. (ECF No. 3 ¶ 1.) Plaintiff alleges that in July 2020 he discovered "illegal hidden cameras" installed in the smoke detectors of the apartment in which he was residing. *Id.* ¶ 3. Plaintiff alleges that the property manager acknowledged the illegal hidden cameras and asked him to send an email confirming the discovery and provide thoughts with how to rectify the situation. *Id.* ¶¶ 4-5. Plaintiff then sent an email seeking an out of court settlement and the property manager did not respond. *Id.* ¶¶ 6-7. Plaintiff then met with a new property manager, showed her the illegal hidden pinhole camera, and submitted another settlement offer for $500,000. (ECF No. 3 ¶¶ 8-10.) The property manager did not respond. *Id.* ¶ 11. On March 24, 2022, Plaintiff and his mother were ordered to vacate the property by May 31, 2022. *Id.* ¶ 13.

The Complaint sets forth three counts: Intentional Infliction of Emotional Distress (Count I); Invasion of Privacy/Intrusion Upon Seclusion (Count II);[4] and Retaliatory Eviction (Count III). (ECF No. 3.) On September 6, 2023, Defendants filed the Motion.

---

[4] Plaintiff brings the Invasion of Privacy and Intrusion Upon Seclusion claims separately; however, they are one tort. *See Housley v. Holquist*, 879 F. Supp. 2d 472, 483-84 (D. Md. 2011) (explaining that the tort of invasion of privacy by intrusion upon seclusion "has been defined as '[t]he intentional intrusion upon the solitude or seclusion of another or his private affairs or concerns that would be highly offensive to a reasonable person'") (quoting *Furman v. Sheppard*, 130 Md. App. 67, 73 (2000)).

## II. LEGAL STANDARD

Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment under Rule 56. "A motion with this caption implicates the court's discretion under Fed. R. Civ. P. 12(d)." *Snyder v. Md. Dep't of Transp.*, No. CCB-21-930, 2022 WL 980395, at *4 (D. Md. Mar. 31, 2022). Federal Rule of Civil Procedure 12(d) provides, "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." FED. R. CIV. P. 12(d). "Pursuant to Rule 12(d), the Court has discretion to determine whether to accept evidence outside the pleadings, and thus convert a Rule 12(b)(6) motion to a Rule 56 motion." *Coleman v. Calvert Cnty.*, No. GJH-15-920, 2016 U.S. Dist. LEXIS 130420, at *8 (D. Md. Sept. 22, 2016) (citations omitted).

The instant action is in its infancy; and there has been no discovery. The court declines to convert the Motion to one for summary judgment. Accordingly, the court will construe the Motion under Rule 12(b)(6).

**Federal Rule of Civil Procedure 12(b)(6)**

A motion asserted under Rule 12(b)(6) "test[s] the legal sufficiency of a complaint." It does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). Accordingly, a "Rule 12(b)(6) motion should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards*, 178 F.3d at 244 (citing *Republican Party v. Martin*, 980 F.2d 943, 952 (4th

Cir. 1992)).  The court, however, is ". . .not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Id.* at 244 (citing *District 26, United Mine Workers of Am., Inc. v. Wellmore Coal Corp.*, 609 F.2d 1083, 1085 (4th Cir. 1979)).

### III. ANALYSIS

As an initial matter, the court is ever-mindful that "*pro se* pleadings are liberally construed and held to a less stringent standard than pleadings drafted by lawyers." *Gray v. Wash. Metro Area Transit Auth.*, No. DKC-16-1792, 2017 U.S. Dist. LEXIS 18223, *6 (D. Md. Feb. 8, 2017) (citing *Erickson v. Paradus*, 551 U.S. 89, 94 (2007)).  "Liberal construction means that the court will read the pleadings to state a valid claim to the extent that it is possible to do so from the facts available; it does not mean that the court should rewrite the complaint to include claims never presented." *Id.*

### 1. *Res Judicata*

Defendants argue that Plaintiff's Complaint is barred by *res judicata*.  (ECF No. 16 at 4.) "Under *res judicata* principles, a prior judgment between the same parties can preclude subsequent litigation on those matters actually and necessarily resolved in the first adjudication." *Orca Yachts, L.L.C. v. Mollicam, Inc.*, 287 F.3d 316, 318 (4th Cir. 2002).  "Although an affirmative defense such as *res judicata* may be raised under Rule 12(b)(6) 'only if it clearly appears on the face of the complaint,' *Richmond, Fredericksburg & Potomac R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir.1993), when entertaining a motion to dismiss on the ground of *res judicata*, a court may take judicial notice of facts from a prior judicial proceeding when the *res judicata* defense raises no disputed issue of fact." *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000).

"Under the doctrine of *res judicata*, 'a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.'" *Andrews*, 201 F.3d at 524 (quoting

4

*Montana v. United States*, 440 U.S. 147, 153 (1979)). "Federal rules of *res judicata* apply" because the prior action was in federal court. *Id.*; *see Kent Cty. Bd. of Educ. v. Bilbrough*, 309 Md. 487, (1987) ("Federal law determines the effects under the rules of res judicata of a judgment of a federal court.")). That notwithstanding, "[t]he elements of *res judicata* under federal law are analogous to those under Maryland law." *Jerry v. Allstate Ins. Co.*, 553 F. Supp. 3d 287, 292 (D. Md. 2021). "To establish a *res judicata* defense, a party must establish: (1) a final judgment on the merits in a prior suit, (2) an identity of the cause of action in both the earlier and the later suit, and (3) an identity of parties or their privies in the two suits." *Jones v. SEC*, 115 F.3d 1173, 1178 (4th Cir. 1997) (internal quotation marks omitted), *cert. denied*, 523 U.S. 1072 (1998).

"'No simple test exists to determine whether causes of action are identical' in the *res judicata* analysis, 'and each case must be determined separately within the conceptual framework of the doctrine.'" *SAS Inst., Inc. v. World Programming Ltd.*, 874 F.3d 370, 378 (4th Cir. 2017) (quoting *Pittston Co. v. United States*, 199 F.3d 694, 704 (4th Cir. 1999)). "The conceptual framework we operate under is a transactional one, as we ask 'whether the claim presented in the new litigation arises out of the same transaction or series of transactions as the claim resolved by the prior judgment' and whether 'the claims could have been brought in the earlier action.'" *Id.* (quoting *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 162 (4th Cir. 2008)). "To be in privity with a party to a former litigation, the non-party must be 'so identified in interest with a party to former litigation that he represents precisely the same legal right in respect to the subject matter involved.'" *Martin v. Am. Bancorporation Retirement Plan*, 407 F.3d 643, 651 (4th Cir. 2005) (quoting *Jones*, 115 F.3d at 1180).

The first element—final judgment on the merits—is satisfied because the United States District Court for the District of Maryland previously dismissed Plaintiff's claims for breach of

contract, intrusion upon seclusion/invasion of privacy, gross and clear negligence, and retaliatory eviction.  *See Andrews v. Daw*, 201 F.3d 521, 524 n.2 (4th Cir. 2000) ("Rule 41(b) of the Federal Rules of Civil Procedure provides that unless the court otherwise specifies, 'a dismissal . . . other than a dismissal for lack of jurisdiction . . . operates as an adjudication upon the merits.'" (citing FED. R. CIV. P. 41)); *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981)  ("The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits'").  As to the second element—the identity of the cause of action—in both cases, Plaintiff's Complaints involve the illegal hidden cameras installed in his mother's apartment, his communications with the property manager, and the subsequent order to vacate the property.  Thus, it is clear that Plaintiff's current action and the previous action arise out of "the same transaction or series of transactions or the same core of operative facts." *In re Varat Enters., Inc.*, 81 F.3d 1310, 1316 (4th Cir. 1996).  Additionally, it is immaterial that Plaintiff's IIED claim was not adjudicated in his first action because "*res judicata* not only bars claims that were actually litigated in a prior proceeding, but also claims that could have been litigated." *Pueschel v. U.S.*, 369 F.3d 345, 355-56 (4th Cir. 2004) (citing *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981) ("A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.")).  In sum, Plaintiff has brought the same suit based upon the same conduct that occurred at his mother's apartment.

Lastly, the third element—the identity of parties or their privies—is satisfied.  In the first action, Plaintiff filed suit against Defendants Paradise Management LLC and FTP Greenwich Place, LP.  In the instant action, Plaintiff filed suit against Defendants FTP Greenwich Place, LP and Franz, the owner of FTP Greenwich Place, LP.  *See Hodge v. Calvert Cnty.*, No. PJM-09-2252, 2009 WL 2884928, at *3 n.4 (D. Md. Sept. 4, 2009) ("Plaintiffs cannot avoid the bar of res

judicata simply by adding new defendants to the second suit."), *aff'd*, 379 Fed. Appx. 298 (4th Cir. 2010).

Accordingly, *res judicata* bars Plaintiff's claims. While this alone warrants dismissal of Plaintiff's Complaint, as discussed below, Plaintiff's claims are also subject to dismissal for failure to state a claim.

### 2. Failure to State a Claim

#### A. IIED (Count I)

"To state a prima facie case of intentional infliction of emotional distress, a plaintiff must allege facts showing that: (1) the conduct in question was intentional or reckless; (2) the conduct was extreme and outrageous; (3) there was a causal connection between the conduct and the emotional distress; and (4) the emotional distress was severe." *Rubino v. New Acton Mobile Indus., LLC*, 44 F. Supp. 3d 616, 624 (D. Md. 2014) (citing *Harris v. Jones*, 281 Md. 560, 566 (1977)). "When attempting to make such a showing, plaintiffs need to plead with specificity, as reciting 'in conclusory form the bare elements of an intentional infliction of emotional distress claim' will not do." *Lilly v. Balt. Police Dep't*, No. CV RDB-22-2752, 2023 WL 6216605, at *18 (D. Md. Sept. 25, 2023) (quoting *Vance v. CHF Int'l*, 914 F. Supp. 2d 669, 683 (D. Md. 2012)). "To be actionable, the conduct relied upon 'must strike to the very core of one's being, threatening to shatter the frame upon which one's emotional fabric is hung.'" *Farasat v. Paulikas*, 32 F. Supp. 2d 244, 248 (D. Md. 1997) (quoting *Hamilton v. Ford Motor Credit Co.*, 66 Md. App. 46, 59–60, *cert. denied*, 306 Md. 118 (1986)).

While Plaintiff alleges that his "emotional state along with his mental state have been severely affected" (ECF No. 1-1 at 2), Plaintiff does not allege any of the required elements to maintain an IIED claim. Specifically, Plaintiff provides no "specific details concerning the nature,

intensity, or duration of [his] emotional distress[.]" *Davenport v. Maryland*, 38 F. Supp. 3d 679, 694 (D. Md. 2014) (dismissing IIED claim where the plaintiff neither alleged that the emotional distress interfered with her normal activities nor provided specific details surrounding the emotional distress). Moreover, Plaintiff does not allege that Defendants installed the hidden cameras or that Defendants' conduct was intentional or reckless. *See Sparrow v. SLM Corp.*, No. CIV RWT 08-00012, 2009 WL 77462, at *3 n.6 (D. Md. Jan. 7, 2009) (dismissing IIED claim where plaintiff failed to allege that defendant's conduct was intentional or reckless). Accordingly, the Motion will be granted as to Count I.

### B. Intrusion Upon Seclusion/Invasion of Privacy (Counts II and III)

Intrusion upon seclusion is one of the four recognized privacy torts under Maryland law. To state a claim for invasion of privacy by intrusion upon seclusion, Plaintiff must allege that Defendants engaged in intentional intrusion upon his "solitude, seclusion, private affairs, or concerns in a manner that would be highly offensive to a reasonable person." *Gamble v. Fradkin & Weber, P.A.*, 846 F. Supp.2d 377, 383 (D. Md. 2012). "Intent is required; the tort cannot be committed by unintended conduct amounting only to a lack of due care." *Id.*

Plaintiff fails to allege (or to plead facts that reasonably could be construed to allege) that Defendants installed cameras in the apartment. At best, Plaintiff alleges that Defendants' property managers concurred with Plaintiff when he showed them what he contends were hidden cameras. Therefore, Plaintiff has failed to plead facts that could be construed to charge Defendants with intentionally invading his privacy. The Motion will be granted as to Counts II and III.

### C. Retaliatory Eviction

Maryland statutory law provides that a landlord may not terminate a residential periodic lease after a tenant makes a good faith complaint about a violation of the law, the lease, or some

form of threat to health and safety. MD. CODE ANN., REAL PROP. § 8-208.1. A claim for retaliatory eviction requires a plaintiff to allege that, following such a good faith complaint, the defendant landlord threatened or commenced repossession of the leased premises. Plaintiff fails to allege that he made a good faith complaint; rather, he alleges that he informed Defendants of illegal hidden cameras. Plaintiff does not allege that Defendants installed the hidden cameras, nor does he allege that he was a party to the apartment lease. Therefore, Plaintiff's claim for retaliatory eviction fails and will be dismissed.

## IV.     CONCLUSION

For the reasons set forth herein, by separate order, Defendants' Motion to Dismiss (ECF No. 9) is **GRANTED.**

/S/

———————————————
Julie R. Rubin
United States District Judge

May 2, 2024